Tuesday, September 20, 2011

No. 10–0319/MC. U.S. v. Nathan M. Robinson. CCA 200800827. On further consideration of the granted issue, 69 M.J. 168 (C.A.A.F. 2010), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for consideration of the granted issue in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010), and to determine whether the erroneous admission of the specimen custody document of the drug testing report was harmless beyond a reasonable doubt.

BAKER, Judge, joined by STUCKY, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

No. 10–0668. U.S. v. Jerrod D. Nutt. CCA S31600. On further consideration of the granted issues, 69 M.J. 271–72 (C.A.A.F. 2010), and the briefs of the parties, it is ordered that the decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for consideration of the granted issues in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010), and to determine whether the erroneous admission of the cover memorandum and specimen custody document of the drug testing report was harmless beyond a reasonable doubt.

BAKER, Judge, joined by STUCKY, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

No. 10–0685/AF. U.S. v. Kenneth J. Burton, Jr. CCA S31682. On further consideration of the granted issues, 69 M.J. 403 (C.A.A.F. 2010), and the briefs of the parties, it is ordered that the decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for consideration of the granted issues in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010), and to determine whether the erroneous admission of the cover memorandum and specimen custody document of the drug testing report was harmless beyond a reasonable doubt.

BAKER, Judge, joined by STUCKY, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate

opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

No. 11–0034/AF. U.S. v. Jonathan G. Weeks. CCA S31625. On further consideration of the granted issues, 69 M.J. 436 (C.A.A.F. 2010), and the briefs of the parties, it is ordered that the decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for consideration of the granted issues in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010), and to determine whether the erroneous admission of the cover memorandum and specimen custody document of the drug testing report was harmless beyond a reasonable doubt.

BAKER, Judge, joined by STUCKY, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011) (Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

No. 11–0497/MC. U.S. v. Desmond J. Horton. CCA 201000481. Upon further consideration of the granted issues, 70 M.J. 223 (C.A.A.F. 2011), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record is returned to the Judge Advocate General of the Navy for remand to that court for consideration of the granted issues in light of *United States v. Sweeney*, 70 M.J. 296 (C.A.A.F. 2011), *United States v. Blazier*, 69 M.J. 218 (C.A.A.F. 2010), and *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010) and to determine whether error occurred in the admission of the drug testing report, and, if so, whether the error was harmless beyond a reasonable doubt.[1]

BAKER, Judge (dissenting): I would affirm based on the analysis of the Court of Criminal Appeals in this case and based on my separate opinion in *United States v. Sweeney*, 70 M.J. 296, 306–13 (C.A.A.F. 2011)(Baker, J., joined by Stucky, J., concurring in part and dissenting in part).

STUCKY, Judge (dissenting): Appellant went to trial more than a year after the Supreme Court decided *Melendez–Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009), and more than two months after this Court decided *United States v. Blazier*, 68 M.J. 439 (C.A.A.F. 2010) (*Blazier I*). When the Government moved to introduce the drug testing laboratory report, the military judge asked Appellant's counsel if he objected to its admission or any part thereof. Counsel said that he had no objection. The military judge reiterated his question but received the same response from Appellant's counsel. Under these circumstances, I conclude that Appellant waived—intentionally relinquished his right to contest on appeal—his right to confront the laboratory technicians who performed the tests on his urine specimen. I would affirm the judgment of the United States Navy–Marine Corps Court of Criminal Appeals. Therefore, I respectfully dissent.

No. 11–0563/MC. U.S. v. Anthony J. Sanders. CCA 201000522. On further consideration of the granted issue, __ M.J. __, (Daily Journal September 15, 2011), it is ordered that the decision of the United States Navy–Marine Corps Court of

---

[1] Nothing in this order is intended to limit the scope of the Court of Criminal Appeals' review on remand, including, but not limited to, consideration of the issue raised in Judge Stucky's separate opinion.